IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TIMOTHY E. KNOEPPEL | § | |
|     TDCJ-CID #1528204 | § | |
| v. | § | C.A. NO. C-09-295 |
| | § | |
| RICK THALER[1] | § | |

## OPINION AND ORDER DENYING APPOINTMENT OF COUNSEL

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the East Texas Unit in Henderson, Texas. Proceeding pro se, he filed a habeas petition pursuant to 28 U.S.C. § 2254.[2] Pending is his motion for the appointment of counsel. (D.E. 3).

The Supreme Court has determined that there is no constitutional right to counsel in federal habeas proceedings. Wright v. West, 505 U.S. 277, 293 (1992) (Constitution "guarantees no right to counsel on habeas....") (citing Pennsylvania v. Finley, 481 U.S. 551, 555 1987)); see also Johnson v. Hargett, 978 F.2d 855, 859 (5th Cir. 1992) ("there is no constitutional right to counsel in federal habeas") (citations omitted). Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues that mandate an evidentiary

---

[1] Effective July 15, 2009, Rick Thaler succeeded Nathaniel Quarterman as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Accordingly, Rick Thaler is the proper respondent in this habeas action. Braden v. 30th Judicial Cir. Ct of Ky., 410 U.S. 484, 494-95 (1973) (citing Wales v. Whitney, 114 U.S. 564, 574 (1885)); Mounce v. Knighten, 503 F.2d 967, 969 (5th Cir. 1974) (per curiam) (citations omitted); see also Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody."); 28 U.S.C. § 2242 (habeas petition "shall allege ... the name of the person who has custody over him"); 28 U.S.C. § 2243 ("The writ ... shall be directed to the person having custody of the person detained.").

[2] Originally, petitioner filed this action as a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). However, on November 5, 2009, he notified the Court by letter that he meant to file a habeas petition challenging a denial of due process and excessive punishment at a disciplinary proceeding at the Garza East Unit in Beeville, Texas. (D.E.8).

hearing. Here, petitioner's request for counsel is premature because at this stage in his case there are no factual issues requiring an evidentiary hearing. Indeed, respondent has not yet been served with the petition.

Counsel will be assigned <u>sua</u> <u>sponte</u> if there are issues that mandate an evidentiary hearing be held. Moreover, the Court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel. <u>See</u> Rule 6(a) of the Rules Governing § 2254 Cases; <u>Thomas v. Scott</u>, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

Accordingly, petitioner's motion for the appointment of counsel, (D.E. 3), is DENIED without prejudice.

ORDERED this 10th day of November 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

2