UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TIMOTHY KNOEPPEL, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-09-295 |
| | § | |
| RICK THALER, *et al*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF TRANSFER

This is a habeas action filed pursuant to 28 U.S.C. § 2254.  Petitioner is being held at the Stevenson Unit, which is located in Cuero, Texas.

Petitioner is challenging a disciplinary proceeding during a period of incarceration at the East Garza Unit.  (D.E. 26, at 5).  On March 4, 2004, he was convicted and sentenced by the 22nd Judicial District Court in Comal County, Texas for driving while intoxicated a third time. Id. at 2.  In Ground One, he argues that his due process rights were violated when he was denied his request to call witnesses.  Id. at 7.  In Ground Two, he asserts that his due process rights were violated because his counsel substitute was ineffective.  Id.  In Ground Three, he claims that his punishment was excessive.  Id.

A habeas action may be filed either in the district where petitioner is in custody, or in the district in which petitioner was convicted.  28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 960-61 (5th Cir. 2000).  Within the context of § 2241(d), courts have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district where the State conviction and sentence occurred, while challenges to the implementation of the sentence, such as prison disciplinary matters, should be considered in the

district court for the district where such person is in custody.  Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991).  The Fifth Circuit explained the basis for choice of venue as follows:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted.  The purpose of this, of course, is to provide a more convenient forum for witnesses....  Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Petitioner was convicted and sentenced by the 22nd Judicial District Court in Comal County, Texas, which is in the San Antonio Division of the Western District of Texas.  See 28 U.S.C. § 124(d)(4).  When he filed this action, he was incarcerated in the East Texas Unit in Henderson, Texas in Rusk County, which is in the Tyler Division of the Eastern District of Texas.  28 U.S.C. § 124(c)(1).  The Stevenson Unit is in DeWitt County, which is in the Victoria Division of the Southern District of Texas.  28 U.S.C. § 124(b)(5).  Finally, the East Garza Unit, where the challenged disciplinary proceeding occurred, is in Bee County, which is in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 124(b)(6).

This Court does not have jurisdiction.  Petitioner's challenge of a disciplinary proceeding does not implicate § 2241(d) for purposes of venue as that proceeding is not a state court action. See Story, 920 F.2d at 1251 ("Section 2241(d) applies only to prisoners confined under the judgment of a state court.").  Similarly, the fact that petitioner is currently confined within the boundaries of this Court does not create jurisdiction because the "in custody" determination of § 2241(d) is made at the time the petition is filed.  See Moreland v. Federal Bureau of Prisons, 431 F.3d 180, 183 (5th Cir. 2005) ("The ''in custody' determination is made at the time the habeas petition is filed.'") (quoting Zalawadia v. Ashcroft, 371 F.3d 292, 297 (5th Cir. 2004)).

Therefore, this Court's Corpus Christi and Victoria Divisions do not provide a basis for jurisdiction. See Wadsworth, 235 F.3d at 961-62 (holding that the Southern District of Texas lacked jurisdiction over a habeas petition where petitioner was convicted in the Northern District of Texas and incarcerated in the Western District of Texas even though the challenged disciplinary proceeding happened in the Southern District).

Pursuant to § 2241(d), jurisdiction is proper either in the Eastern District of Texas, where he was in custody when the action was filed, or in the Western District of Texas, where he was convicted in state court. A transfer to the Eastern District of Texas would be to a jurisdiction in which petitioner no longer resides, in which the challenged disciplinary proceeding did not occur, and in which the state conviction did not occur.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Western District of Texas, San Antonio Division.

SIGNED and ORDERED this 22nd day of January, 2010.

_____
Janis Graham Jack
United States District Judge